PER CURIAM.
The State of Florida appeals the trial court’s ruling on a postconvietion relief motion that allows David Michael Reutter to withdraw his guilty plea and orders a new trial. We affirm because competent evidence in the record supports the trial court’s ruling.
Reutter was originally charged with first-degree murder. Pursuant to a negotiated plea agreement, he pled guilty to first-degree murder and was sentenced to life imprisonment without the possibility of parole for 25 years. As part of the agreement, the state withdrew its request for the imposition of the death penalty. Subsequent to sentencing, Reutter filed a motion seeking to withdraw his plea. Following an evidentiary hearing, the trial court granted the motion. We affirm but note that by successfully withdrawing his plea, Reutter has also vitiated the bargain for a life sentence and may once again face the death penalty should the state find it appropriate at the time of trial.
In this ease, the trial judge found that, as a result of psychotropic drugs, Reutter’s plea was not knowingly and voluntarily entered. We are tempted to reject this finding, especially because it appears that the trial judge relied almost exclusively on the testimony of Reutter and two of his jail house acquaintances. However, it is axiomatic that appellate judges, who review only the cold record, are not in a position to fully determine the credibility of witnesses and are not at liberty to simply reweigh the evidence that was presented to the trial judge. Even though we might want to perform these functions here, there is record support for the trial judge’s findings and we are bound by law to accept those findings.
Therefore, we affirm.
BLUE and FULMER, JJ., concur.
SCHOONOVER, A.C.J., dissents with opinion.